**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | |
|---|---|
| MALLIE J. SECKINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV415-306 |
| ) | |
| BANK OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Mallie Seckinger, proceeding *pro se*, has -- via four simultaneously filed lawsuits -- sued his credit card company (Bank of America) and three credit reporting agencies for alleged Fair Credit Reporting Act ("FCRA") violations.[1] He claims that Bank of America provided false information to the reporting agencies, *see* doc. 1 at 1, who then refused to note Seckinger's debt dispute on his credit report. *See Equifax*, doc. 1 at 1-2; *TransUnion*, doc. 1 at 1-2; *Experian*, doc. 1 at 1-2.

---

[1] *See* doc. 1; *Seckinger v. TransUnion LLC*, No. CV415-310, doc. 1 (S.D. Ga. Nov. 16, 2015) ("*TransUnion*"); *Seckinger v. Equifax Info. Servs., LLC*, No. CV415-309 (S.D. Ga. Nov. 16, 2015) ("*Equifax*"); *Seckinger v. Experian Info. Sols., Inc.*, No. CV415-308, doc. 1 (S.D. Ga. Nov. 16, 2015) ("*Experian*").

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2).

> District courts have broad discretion under [Rule 42(a)] to consolidate causes pending in the same district." *In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 270-71 (5th Cir.1974); *see also Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (explaining that Rule 42(a)(2) is "permissive and vests a purely discretionary power in the district court") (internal quotation marks and citation omitted). . . . In fact, "[d]istrict court judges in [the Eleventh Circuit] have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young*, 59 F.3d at 1169 (alteration in original) (internal quotation marks and citations omitted).

*Gholston v. Humphrey*, 2012 WL 5383124 at *1 (M.D. Ga. Sept. 24, 2012) *adopted*, 2012 WL 5383122 (M.D. Ga. Nov. 1, 2012) (footnote omitted).

This case, along with the *Experian*, *Equifax*, and *TransUnion* cases (collectively, the "Credit Card Cases"), all involve the same set of facts and plead similar claims. Hence, the Clerk is **DIRECTED** to consolidate them before the undersigned.[2]

---

[2] Local Rule 3.1, in situations distinct from but analytically similar to this one, contemplates consolidating related matters before the judge assigned to the first case docketed.

There's more. On the same day that he filed the instant cases, Seckinger also filed separate cases against his mortgage company and two credit reporting agencies, also for alleged FCRA violations. *See Seckinger v. Equifax Info. Servs.*, LLC, No. CV415-304 (S.D. Ga. Nov. 16, 2015) ("*Equifax II*"); *Seckinger v. TransUnion LLC*, No. CV415-305 (S.D. Ga. Nov. 16, 2015) ("*TransUnion II*"); *Seckinger v. Central Mortgage Co.*, No. CV415-307 (S.D. Ga. Nov. 16, 2015) ("*Central Mortgage*") (collectively, the "Mortgage Cases"). The Mortgage Cases, much like the Credit Card Cases, share the same set of facts (Seckinger's mortgage company provided false information to the reporting agencies, who then refused to note his dispute on their reports) and plead related claims. They too, then, warrant consolidation within their respective groupings (*i.e.*, consolidate the Mortgage Cases into *Equifax II* (CV415-304), while the Credit Card Cases shall be consolidated into this case, CV415-306).

The Mortgage Cases, however, are not before the undersigned (two are before Judge William T. Moore and one is before Judge J. Randal Hall). Although the two case groupings

3

(Credit Card and Mortgage) are not factually similar enough to warrant consolidation of all seven Seckinger complaints, they share a *pro se* plaintiff who has moved for IFP status in each case based on the same financial data. To guard against the risk (however small) of different judges arriving at different results, the Clerk is **DIRECTED** to reassign the Mortgage Cases (*Equifax II* (CV415-304), *TransUnion II* (CV415-305), and *Central Mortgage* (CV415-307)) to the undersigned in addition to consolidating them.

As discussed above, Seckinger moves for leave to proceed *in forma pauperis* (IFP) in all seven cases. Doc. 2; *TransUnion*, doc. 2; *Equifax*, doc. 2; *Experian*, doc. 2; *Equifax II*, doc. 2; *TransUnion II*, doc. 2; *Central Mortgage*, doc. 2. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve Seckinger of the obligation to pay his own way where it is possible to do so without undue hardship. *Id.* at 339-40.

On his IFP applications, Seckinger declares that he had "take-home pay" of $4,521.00 in 2014, received a settlement of some kind for $4,250.00 in 2014, and that his wife earned $42,324.00. *See, e.g.*, doc. 2 at 1. He currently has three cars, about $22,000 in debt owed to friends and family, and monthly expenses of $4,932.00. *Id.* at 2. Yet, Seckinger currently has $2,200 in cash or a checking account, *id.*, which is more than sufficient to pay the Court's $400 filing fee for each consolidated case without causing undue hardship. *Adkins*, 335 U.S. at 340.

To summarize, the Clerk is **DIRECTED** to:

1. Reassign *Equifax II* (CV415-304), *TransUnion II* (CV415-305), *Central Mortgage* (CV415-307); *Experian* (CV415-308); *Equifax* (CV415-309); and *TransUnion* (CV415-310) to the undersigned;

2. Consolidate *TransUnion II* (CV415-305), and *Central Mortgage* (CV415-307) into *Equifax II* (CV415-304); and

3. Consolidate *Equifax* (CV415-309), *TransUnion* (CV415-310), and *Experian* (CV415-308), into this case (CV415-306).

Seckinger's IFP motions in all seven cases (doc. 2; *TransUnion*, doc. 2; *Equifax*, doc. 2; *Experian*, doc. 2; *Equifax II*, doc. 2; *TransUnion II*, doc. 2; *Central Mortgage*, doc. 2) are **DENIED**. He must pay the full $400 filing fee for each of the two consolidated cases (hence, $800) within 14 days of the date this Order is served or face dismissal.[3]

SO ORDERED, this 12 day of January, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Because the Court is forming two consolidated cases out of Seckinger's seven original complaints, it will only require him to pay two filing fees, not seven.