# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MALLIE SECKINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV415-304 |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Mallie Seckinger moves for "default judgment" in this consolidated Fair Credit Reporting Act proceeding.[1] Docs. 19, 20 & 22. But one defendant against whom it is sought has been dismissed (*see* CV415-307 at docs. 15 & 16 (dismissing Central Mortgage Company)), while the other timely filed an Answer (*see* doc. 8 (Equifax Information Services' answer)).

Under Fed. R. Civ. P. 55, the Clerk must enter a default when a party fails to plead or otherwise defend. Fed. R. Civ. P. 55(a). Fed. R. Civ. P. 12 provides that a defendant must serve an answer or other

---

[1] The Court consolidated related cases CV415-307-LGW-GRS (Seckinger v. Central Mortgage Company), CV415-304 (Seckinger v. Equifax Info. Servs., LLC), and CV415-305 (Seckinger v. Transunion, LLC).

responsive pleading within twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Here, however, it appears plaintiff has still not served Equifax with a copy of the Complaint. Despite that, Equifax timely answered the Complaint on March 17, 2016.[2] Doc. 8. There is thus no basis to support Seckinger's allegation that Equifax was in default in September 2016. His motions for default are **DENIED**. Docs. 19, 20 & 22.

Meanwhile, the Court **GRANTS** counsel's unopposed motion to withdraw as attorney for the plaintiff. Doc. 17.

**SO ORDERED,** this  6th  day of January, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] And plaintiff's contention that somehow his sending a waiver of service in the mail started the Rule 12 deadline rolling is without merit. *See* doc. 20 at 2 (arguing that because he dropped the Waiver in the mail on November 25, 2015, an answer was due January 23, 2016). The document he attaches as proof that Equifax received and executed that Waiver, signature-dated February 18, 2016, appears to be that of "Steven Flynn" -- counsel for Central Mortgage, *not* Equifax. *Compare id.* at 18 (initialed "SJF" and signed "Steven Flynn") *with* doc. 25 at 12 (Central Mortgage's response to plaintiff's motion, submitted by its attorney "Steven J. Flynn"). Because there is no proof of when Equifax was served or that it signed any waiver of service, its obligation to file a responsive pleading was never triggered. *See Owens v. Benton*, 190 F. App'x 762, 763 (11th Cir. 2006) (denial of motion for default proper where there was no way to determine if or when defendant was served).