# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MALLIE J. SECKINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV415-304 |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Mallie Seckinger asks the Court to reconsider its Order (doc. 40) denying his motion for leave to amend his Fair Credit Reporting Act (FCRA) complaint against defendant Equifax Information Services, LLC. Doc. 41. He objects that the Court must have failed to consider his reply brief (doc. 39) -- it did consider his reply brief, but found nothing warranting amendment of the Order -- and that, regardless, it should reverse and grant him leave to amend because he does indeed have good cause to amend his complaint after the Scheduling Order deadline has long since passed. Doc. 41. These are the same arguments previously evaluated, and rejected, in the Court's Order denying leave to amend.

A Fed. R. Civ. P. 59(e) motion for reconsideration may be granted based only on newly-discovered evidence or to correct manifest errors of law or fact. *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). Rule 59(e) motions may not be used to "relitigate old matters, raise argument or present evidence that should have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Seckinger's "motion relie[s] on no newly-discovered evidence and demonstrate[s] no manifest error of law or fact" in the court's order. *The Bedtow Grp. II, LLC v. Ungerleider*, No. 16-10213, 2017 WL 1279036 at *3 (11th Cir. Apr. 6, 2017). As set forth in the Court's Order:

> [Plaintiff] provides, however, no explanation whatsoever for the delay, much less "good cause" to modify the Scheduling Order. Fed. R. Civ. P. 16(b)(4); *Sosa [v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)] (the good cause standard "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'") (quoting Fed. R. Civ. P. 16 Advisory Committee Notes (1983 Amendment)). And "[t]he lack of diligence that precludes a finding of good cause" applies to both "a plaintiff who has full knowledge of the information with which it seeks to amend its complaint" as well as one who "fail[ed] to seek the information it needs to determine whether an amendment is in order" before the deadline passes. *Southern Grouts & Mortars, Inc v. 3M Co.*, 575 F.3d 1235, 1541 at n. 3 (11th Cir. 2009).

By [his] own admission, these "continuing transgressions" have been ongoing since the filing of the Complaint in 2015 (doc. 34 at 1 & 2 (reporting defendant's activities continued in 2015 and 2016 -- not since the deadline passed in February 2017)). Hence, Seckinger knew or could have reasonably discovered that amendment was in order long before the deadline passed. Because good cause to amend the Complaint does not exist, plaintiff's motion to amend (doc. 34) must be **DENIED**.[2]

> FN2: Moreover, as defendant points out, amendment would be utterly futile under Fed. R. Civ. P. 15(a). Doc. 36 at 3; *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied on numerous grounds, including undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment); *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (amendment is futile where the claim sought to be added "fail[ed] as a matter of law"). Plaintiff's new claims fail to meet the Fed. R. Civ. P. 8(a)(2) pleading requirement to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *id.* 678 ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's proposed amendments are utterly devoid of any factual content, amounting to a threadbare "formulaic recitation of the elements of a cause of action" under FCRA. That is not enough. *Twombly*, 550 U.S. at 555

Doc. 41 at 2-3. Nothing in either plaintiff's reply brief (doc. 39) or his motion for reconsideration (doc. 41) alters this holding or demonstrates it was incorrectly reached. Seckinger's motion is **DENIED**. Doc. 41.

**SO ORDERED,** this __24th__ day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA